<u>**NOT FOR PUBLICATION**</u>

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW JERSEY
# CAMDEN VICINAGE

| | |
|---|---|
| SABRINA LINDSEY STRICKLAND,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>SHARPMONT HOSPITAL,<br><br>　　　　　　Defendant. | HONORABLE KAREN M. WILLIAMS<br><br>No. 24-11496 (KMW-SAK)<br><br>**MEMORANDUM OPINION<br>AND ORDER** |

**THIS MATTER** comes before the Court by way of Plaintiff Sabrina Lindsey Strickland's ("Plaintiff") Application to Proceed in District Court Without Prepaying Fees or Costs ("IFP Application") (ECF No. 1) pursuant to 28 U.S.C. § 1915(a)(1); and

**THE COURT NOTING** that, having reviewed Plaintiff's IFP Application, Plaintiff declares that her monthly income is $1,067.00 and her monthly expenses are approximately $2,250.00. IFP Application ¶ 1, 8. Plaintiff does not have other liquid assets, nor does she list a spouse to contribute income or share in expenses, ¶¶ 1-8; and

**THE COURT FINDING** that because Plaintiff's income is modest, the Court grants the IFP application.

The Court is now required to screen the Complaint pursuant to 28 U.S.C. § 1915(e)(2)(B),[1] and dismiss any claim that is frivolous, malicious, fails to state a claim for relief, or otherwise seeks relief from an immune defendant. For the reasons set forth below, Plaintiff's Complaint is dismissed without prejudice.

---

[1] "The legal standard for dismissing a complaint for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) is the same as that for dismissing a complaint pursuant to Federal Rule of Civil Procedure 12(b)(6)." *Schreane v. Seana*, 506 F. App'x 120, 122 (3d Cir. 2012).

I.  **BACKGROUND**

Plaintiff brings this action against Sharp Grossmont Hospital[2] ("Grossmont"), Lindsey Jageo ("Jageo"), and Kimberly HyDrover ("HyDrover," collectively with Grossmont and Jageo, "Defendants"). (ECF No. 1 at 2-3.) Plaintiff alleges that her 23-year-old daughter was tortured and murdered by Defendants when they allegedly turned off or turned down her respirator for two hours, resulting in her daughter's brain death. (*Id.* at 4-5.) Plaintiff's Complaint suggests that Jageo is a nurse employed at Grossmont. Jageo allegedly asked Plaintiff if she could help with her daughter, and Plaintiff told Jageo that "if she's going to die let God take her, not you." (*Id.* at 4.) Jageo allegedly turned the respirator "off or down" while Plaintiff's other daughter left to get food, and when she returned, Plaintiff's daughter "was not the same." (*Id.*)

Plaintiff's Complaint indicates that she is a resident of Camden County, New Jersey. (*Id.* at 2.) Plaintiff's Complaint alleges that Jageo and HyDrover maintain residences in California, though it does not allege their respective states of domicile and citizenship.[3] (*Id.* at 3.) The Complaint does not allege Grossmont's corporate form, its principal place of business and state of incorporation, or the citizenship of its members. (*See generally id.*) Plaintiff avers that the events giving rise to her claim occurred in California. (*Id.* at 4.) Plaintiff seeks to recover $23 million for her daughter's "murder." (*Id.* at 4-5.)

II.  **LEGAL STANDARD**

"Federal courts are courts of limited jurisdiction, and when there is a question as to our authority to hear a dispute, 'it is incumbent upon the courts to resolve such doubts, one way or the

---

[2] Plaintiff erroneously refers to Defendant Sharp Grossmont Hospital as "Sharpmont," (ECF No. 1 at 1), however, she attaches as an exhibit to her Complaint medical forms on letterhead for "Sharp Grossmont Hospital." (ECF No. 1-2.) Thus, the Court construes Plaintiff's references to "Sharpmont" as directed toward Sharp Grossmont Hospital.

[3] Where the form Complaint submitted by Plaintiff later asks "the state of citizenship of each party," in the field marked "Defendant(s) state(s) of citizenship," Plaintiff indicates "C.A." (ECF No. 1 at 4.)

other, before proceeding to a disposition on the merits.'" *Zambelli Fireworks Mfg. Co. v. Wood,* 592 F.3d 412, 418 (3d Cir. 2010) (citing *Carlsberg Res. Corp. v. Cambria Sav. & Loan Ass'n,* 554 F.2d 1254, 1256 (3d Cir. 1977)). If a federal district court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action. *See* Fed. R. Civ. P. 12(h)(3). To establish jurisdiction, a pleading must either present a federal claim or trigger the court's diversity jurisdiction. *See Gibson v. Tip Towing & Recovery LLC*, No. 23-2919, 2024 WL 658977, at *1 (3d Cir. Feb. 16, 2024). To assert a federal claim, a pleading must assert an action arising under the Constitution, laws, or treaties of the United States. *Id*. at *1 n.2. To assert diversity jurisdiction, a pleading must demonstrate complete diversity of citizenship among the parties, (meaning that each defendant must be a citizen of a different state than each plaintiff), with the amount in controversy being over $75,000.00. *Id*. at *1. Here, Plaintiff does not point to any violation of federal law or the Constitution of the United States but asserts that this Court has jurisdiction over the parties pursuant to diversity jurisdiction. (ECF No. 1 at 3.)

Federal courts have an independent obligation to address issues of subject-matter jurisdiction *sua sponte* and may do so at any stage of the litigation, *Zambelli Fireworks Mfg. Co., Inc.*, 592 F.3d at 418; *Lincoln Ben. Life Co. v. AEI Life, LLC*, 800 F.3d 99, 104 (3d Cir. 2015) ("The principal federal statute governing diversity jurisdiction, 28 U.S.C. § 1332, gives federal district courts original jurisdiction of all civil actions 'between . . . citizens of different States' where the amount in controversy exceeds $75,000. . . . This means that, unless there is some other basis for jurisdiction, no plaintiff [may] be a citizen of the same state as any defendant." (internal citations omitted)).

Plaintiff, as the party asserting diversity jurisdiction, "must specifically allege each party's citizenship, and these allegations must show that the plaintiff and defendant are citizens of different

3

states." *Burnett v. Lonchar*, No. CIV. 11-716 PGS, 2011 WL 5519720, at *3 (D.N.J. Nov. 10, 2011); *see Carlsberg Res. Corp. v. Cambria Sav. & Loan Ass'n,* 554 F.2d 1254, 1256 (3d Cir. 1977) (holding "[i]t is . . . well established that when jurisdiction depends upon diverse citizenship the absence of sufficient averments or of facts in the record showing such required diversity of citizenship is fatal and cannot be overlooked by the court, even if the parties fail to call attention to the defect, or consent that it may be waived.'").

"[F]or purposes of diversity jurisdiction, citizenship [of an individual] means domicile, not residence." *Pierro v. Kugel*, 386 Fed. App'x. 308, 309 (3d Cir. 2010) (citing *Krasnov v. Dinan*, 465 F.2d 1298, 1300 (3d Cir. 1972)); *see McNair v. Synapse Group Inc.*, 672 F.3d 213, 219 n.4 (3d Cir. 2012) (holding averments of a party's "residency"—as opposed to "citizenship" or "domicile"—are "jurisdictionally inadequate in [a] diversity of citizenship case.").

For a corporate party in this civil action, the state of incorporation and its principal place of business must be identified. *See* 28 U.S.C. § 1332(c)(1) ("[A] corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business . . . ."); *S. Freedman & Co., Inc. v. Raab*, 180 F. App'x 316, 320 (3d Cir. 2006) (explaining that "[i]n order to adequately establish diversity jurisdiction, a complaint must set forth with specificity a corporate party's state of incorporation and its principal place of business," and affirming dismissal of complaint alleging that corporation maintained "a principal place of business," rather than "its principal place of business"). To properly assert the citizenship of an LLC, Plaintiff must specifically assert the citizenship of each of its members, and where any member itself is a partnership or limited liability company, its partners or members and their citizenship must be asserted separately. *See Zambelli Fireworks MFG. Co.*, 592 F3d. at 420.

4

## III.   DISCUSSION

### a. Plaintiff's Complaint Must Be Dismissed Because She has Not Established That This Court has Jurisdiction Over Plaintiff's Lawsuit.

Here, Plaintiff asserts this Complaint for the alleged torture and murder of her daughter at Defendants' California hospital. (*See generally* ECF No. 1.) Plaintiff does not allege Grossmont's principal place of business and state of incorporation, as required if Grossmont is a corporation. *See S. Freedman & Co., Inc.*, 180 F. App'x at 320. Nor does Plaintiff assert the citizenship of each of Grossmont's members, as required if Grossmont is an LLC. *See Zambelli Fireworks MFG. Co.*, 592 F3d. at 420. Moreover, Plaintiff alleges the states wherein she, Jageo, and HyDrover maintain residences, but does not specifically allege their respective states of domicile. *See Pierro*, 386 Fed. App'x at 309; *McNair*, 672 F.3d at 219 n.4. Thus, the Court finds that Plaintiff fails to allege sufficient facts for it to determine the citizenship of Defendants pursuant to Section 1332.

Accordingly, the Complaint is subject to dismissal for lack of jurisdiction. *See Gay*, 2011 WL 5025116, at *5; *see Burnett*, 2011 WL 5519720, at *3.

### b. Plaintiff's Complaint Must be Dismissed for Failure to State a Claim for Which Relief May be Granted.

The Court finds that Plaintiff's Complaint must also be dismissed for failure to state a claim upon which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B). To survive *sua sponte* screening for failure to state a claim, the complaint must allege "sufficient factual matter" to show that the claim is facially plausible. *See Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the [alleged] misconduct." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Although courts liberally construe *pro se* pleadings, "*pro se* litigants still must allege sufficient facts in their complaints to support a claim." *Mala v. Crown Bay Marina*,

5

*Inc.*, 704 F.3d 239, 245 (3d Cir. 2013) (citation omitted). Here, Plaintiff's Complaint fails to state a claim because it contains only conclusory allegations "devoid of 'further factual enhancement'" that does not allow "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *See Ashcroft*, 556 U.S. at 678.

Although the Complaint expressly alleges murder, in liberally construing Plaintiff's *pro se* pleadings, the Court gleans that Plaintiff seeks monetary recompense for the alleged wrongful death of her daughter.[4] The New Jersey Survivorship and Wrongful Death Act entitles a decedent's beneficiaries to recover damages for pecuniary loss sustained as a result of a decedent's death caused by a wrongful act, neglect, or default. N.J.S.A. 2A:31-1. "These damages include any financial loss resulting from the death, including the value for the loss of advice and counsel, loss of the parent-child relationship, loss of the martial relationship, loss of inheritance, in addition to hospital, medical, and funeral expenses for the deceased." *Farrow v. U.S. Specialty Ins. Co.*, No. 20- 6588, 2021 WL 6424642, at *1 (D.N.J. Dec. 6, 2021) (citing N.J.S.A. 2A:31-5); *see also Green v. Bittner*, 85 N.J. 1 (1980) (loss of parent-child relationship compensable).

---

[4] Murder is a crime that is generally triable in State courts only, unless the crime is committed on government property or under circumstances that would give rise to the concurrent jurisdiction of the United States. In this regard, the Court notes that the federal murder statute, 18 U.S.C. § 1111, applies only in limited circumstances which are not present here. *See, e.g.*, 18 U.S.C. § 1114 (murder of federal officers or employees); 18 U.S.C. § 1116 (murder of foreign officials, official guests, or internationally protected persons); 18 U.S.C. § 1118 (murder by incarcerated federal prisoners); 18 U.S.C. § 1120 (murder by escaped federal prisoners); 18 U.S.C. § 1153(a) (murder on a federal reservation); 18 U.S.C. § 1652 (murder on the high seas). The power to charge the offense of murder is vested within the State. *See State v. Winne*, 12 N.J. 152, 171 (1953); *Bulur v. New Jersey Off. of Att'y Gen.*, No. A-0629-23, 2024 WL 5148454, at *1 (N.J. Super. Ct. App. Div. Dec. 18, 2024) (citing the Criminal Justice Act of 1970, N.J.S.A. 52:17B-97 to -117, and N.J.S.A. 2A:158-4 and -5); *see also Manduley v. Superior Ct.*, 27 Cal. 4th 537, 567 (2002), *as modified* (Apr. 17, 2002) (recognizing the prosecutor's "age-old function of deciding what charge to bring against whom."). Here, Plaintiff alleges that Defendants murdered her daughter but does not allege any of the circumstances giving rise to federal jurisdiction are present. *See* 18 U.S.C. § 1111. Even if Plaintiff alleged such circumstances exist here, this Court is aware of no authority—and Plaintiff has cited none—that would permit Plaintiff as a private citizen to criminally charge Defendants for murder in federal court. Accordingly, Plaintiff's alleged cause of action for murder fails to state a claim for which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B).

The class of persons entitled to sue under this statute is restricted to the administrator *ad prosequendum* of the decedent, N.J.S.A. 2A:31–2, who "may pursue an action based on 'the wrongful act, neglect, or default of another, where death resulted from injuries for which the deceased would have had a cause of action if he lived.'" *Endl v. New Jersey*, 5 F. Supp. 3d 689, 696 (D.N.J. 2014) (quoting N.J.S.A. 2A:15–3); *see Smith v. Whitaker*, 160 N.J. 221, 236 (1999) (holding N.J.S.A. 2A:15–3 permits a decedent's administrator *ad prosequendum* to recover for conscious pain and suffering experienced prior to death). Here, because Plaintiff does not allege that she is the administrator *ad prosequendum* of her daughter's estate, nor that she brings this action on behalf of her daughter's estate, she may not pursue an action to recover damages for her daughter's alleged torture and death pursuant to the New Jersey Survivorship and Wrongful Death Act. *See id.*; N.J.S.A. 2A:31-1.

Accordingly, the Court will dismiss the Complaint without prejudice to Plaintiff's ability to amend. Therefore,

IT IS HEREBY on this 14th day of **February**, 2025

**ORDERED** that this case be **DISMISSED WITHOUT PREJUDICE**; and further

**ORDERED** that Plaintiff is granted leave to amend her Complaint within 30 days of issuance of this order to address the deficiencies noted herein; and further

**ORDERED** that the Clerk of the Court shall serve a copy of this Order upon Plaintiff by regular U.S. mail.

*Karen M. Williams*
KAREN M. WILLIAMS
UNITED STATES DISTRICT JUDGE